UNITED STATES of America,
Plaintiff-Appellee,

v.

Anthony CRAFT, Defendant-Appellant.

No. 82–4110
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 25, 1982.

Arlen B. Coyle, Oxford, Miss., for defendant-appellant.

Glen H. Davidson, U.S. Atty., John R. Hailman, Asst. U.S. Atty., Oxford, Miss., for plaintiff-appellee.

Before GEE, RANDALL and TATE, Circuit Judges.

TATE, Circuit Judge:

The defendant Craft was convicted of aggravated bank robbery, 18 U.S.C. § 2113(a) and (d), and other crimes connected with that robbery. On his appeal, he attacks an on-the-scene show-up procedure, held two hours after the robbery, as unnecessarily suggestive, contending that the

subsequent in-court identification of the two bank employees, who separately participated in one-on-one show-ups, should have been excluded. Finding no taint to the in-court identifications resulted from the show-ups, we affirm.

"[R]eliability is the linchpin in determining the admissibility of identification testimony." *Manson v. Braithwaite,* 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977). "[T]he corrupting effect of a "suggestive identification" is to be weighed against the reliability of the in-court identification resulting from "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation." *Id.* "[T]he primary evil to be avoided is 'a very substantial likelihood of irreparable misidentification'", *Neil v. Biggers,* 409 U.S. 188, 198, 93 S.Ct. 375, 381, 34 L.Ed.2d 401 (1972). As those decisions note, that likelihood is determined on the totality of the circumstances presented in each case.

■ Tested by these principles and criteria, the one-on-one show-ups of the accused separately to the bank tellers, immediately after he was arrested two hours after the robbery, did not taint the reliability of their in-court identification of the accused as one of the three robbers. The district court pointed out that both women had the opportunity and had exercised careful and sustained attention upon the accused during the minutes of the robbery, that their post-robbery and pre-arrest descriptions of him were substantially accurate and pointed a reliable finger at the defendant even prior to the show-up identification, that their identifications were made immediately and without equivocation, and that a very short interval of time (two hours) had elapsed between the robbery and the show-ups.

We find no error in the trial court's determination that the in-court identification of the accused by the bank employees was not tainted by the one-on-one show-ups immediately after the robbery. *See, e.g.,*

*Passman v. Blackburn,* 652 F.2d 559, 569–74 (5th Cir. 1981), *cert. den.* —— U.S. ——, 102 S.Ct. 1722, 72 L.Ed.2d 141 (1982); *United States v. Rice,* 652 F.2d 521, 527–28 (5th Cir. 1981); *United States v. Osborne,* 630 F.2d 374, 378–79 (5th Cir. 1980), *cert. den.* 450 U.S. 934, 101 S.Ct. 1398, 67 L.Ed.2d 369 (1981).

■ The defendant Craft also suggests that the showing of his person to the bank employees with the telltale red dye of the bank's "bait money" device on his clothes violated his Fifth Amendment rights against self-incrimination. Craft does not deny that, long ago, the United States Supreme Court held that an accused's Fifth Amendment rights are not offended when the accused is compelled to put on clothing identified with a crime, to see if it fits, because "the prohibition of compelling a man in a criminal court to be witness against himself is a prohibition of the use of physical or moral compulsion to extort *communications* from him, not an exclusion of his body as evidence when it may be material." *Holt v. United States,* 218 U.S. 245, 31 S.Ct. 2, 6, 54 L.Ed. 1021 (1970) (emphasis supplied). Craft suggests, however, that the exhibition of his person to the bank employees with the red dye on his person communicated guilt, that it was a compelled confession of guilt, as if he had said, "I did it."

The exhibition of Craft's person with red dye on his clothes may have constituted a suggestive identification, although perhaps excusable by exigent circumstances. But it did not extort any communication from *him,* any more than did the forced provision of handwriting exemplars or hair samples by a suspect, or his fingerprinting, in decisions cited by Craft as admittedly holding that no testimonial privilege was thereby offended. The Fifth Amendment privilege "is a bar against compelling 'communications' or 'testimony', but that compulsion which makes a suspect or accused the source of 'real or physical evidence' does not violate it." *Schmerber v. United States,* 384 U.S. 757, 764, 86 S.Ct. 1826, 1832, 16 L.Ed.2d 908 (1966) (compelled blood sample

does not violate testimonial privilege protected by Fifth Amendment).

Accordingly, finding no merit to the defendant Craft's contentions that the show-ups immediately subsequent to the crime were prejudicial to his constitutional rights, we AFFIRM his conviction.

AFFIRMED.