United States Court of Appeals
Fifth Circuit

**F I L E D**

October 5, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20751
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID LEON LYLE,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-616-1
---------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

David Leon Lyle was convicted by a jury of four bank robberies; using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence; and using, carrying, and brandishing a firearm during and in relation to crimes of violence. The district court sentenced Lyle to a total of 1,141 months' imprisonment and five years' supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Counsel's motion to withdraw and to allow Lyle to file a reply brief pro se as well as Lyle's motion for the appointment of substitute counsel are DENIED.

Lyle challenges the district court's denial of his motion to suppress evidence seized during a search of Lyle's apartment, evidence of Lyle's confessions, and evidence of a pre-trial identification. He also challenges the denial of a continuance.

Lyle admitted that he signed a consent form authorizing a search of his apartment. The district court's finding that there was no evidence that Lyle was coerced to consent to the search of his apartment is supported by the record evidence, including Lyle's testimony, and is not clearly erroneous. See United States v. Solis, 299 F.3d 420, 435-36 (5th Cir. 2002).

We review for plain error Lyle's contentions, which are raised for the first time on appeal, that he consented to the search of his apartment to avoid embarrassment and that police exceeded the scope of the consent. See United States v. Maldonado, 42 F.3d 906, 907 (5th Cir. 1995). Lyle does not identify evidence to support his claim that embarrassment caused by the presence of news reporters resulted in his coerced consent to a search of his apartment. Lyle does not explain how the officers exceeded the scope of the consent that he provided. Lyle does not dispute that he consented to a search to locate the firearm that was used in the bank robbery and that he provided

keys to his apartment and to his safe. Lyle has not shown plain error. See id. at 912.

Lyle asserts that his confessions should have been suppressed because he was not advised of his rights to counsel and to remain silent. Lyle insists that he did not sign a waiver-of-rights form. He argues that the FBI Agents told him to help himself by answering questions and continued questioning him after he requested counsel.

The district court's findings that Lyle was advised of his rights to remain silent and to an attorney, that Lyle signed the waiver-of-rights form, and that Lyle did not request a lawyer are supported by the record evidence and are not clearly erroneous; the district court's decision to credit Agent Sharp's testimony over Lyle's is not clearly erroneous. See Solis, 299 F.3d at 435-36. To the extent that Lyle is challenging the voluntariness of his confessions, he has not shown that his confessions were obtained by coercion or subtle persuasion. See United States v. Scurlock, 52 F.3d 531, 536 (5th Cir. 1995).

Lyle has not shown that evidence of the one-man show-up identification affected any in-court identification. See United States v. Craft, 691 F.2d 205, 205 (5th Cir. 1982). Moreover, because the evidence of Lyle's guilt of the Bank One robbery was overwhelming, the admission of evidence of the show-up was harmless. See United States v. Watkins, 741 F.2d 692, 695 (5th Cir. 1984).

Lyle has not shown that the lack of testimony from a handwriting expert and a bank employee caused material prejudice; thus, he has not shown that the district court abused discretion by denying his request for a continuance.  See United States v. Olaniyi-Oke, 199 F.3d 767, 771 (5th Cir. 1999).  Accordingly, the judgment of the district court is AFFIRMED.

AFFIRMED; MOTIONS DENIED.